IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ABIGAIL VARGAS, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:22-cv-02493-X (BT) |
| § | |
| JUAN FRANCISCO ARGENAL § | |
| ESPINAL, et al., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action brought by Plaintiff Abigail Vargas. Vargas initiated this action on November 7, 2022, when she filed a complaint and a motion for leave to proceed *in forma pauperis*. The Court attempted to screen her complaint but could not because it is written entirely in Spanish. Her motion for leave to proceed *in forma pauperis* also is written primarily in Spanish and is partially incomplete. On January 4, 2023, the Court sent Vargas a Notice of Deficiency and Order (ECF No. 11), which ordered her to file a complaint in compliance with Federal Rule of Civil Procedure 8(a) and pay the filing fee or file a motion for leave to proceed *in forma pauperis*. The Order further informed Vargas that failure to respond and cure the deficiency by February 6 could result in a recommendation that her case be dismissed. Vargas has not filed any response, an amended complaint, or otherwise complied with the Court's January 4 Order. Therefore, this case

should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Vargas did not respond to the Notice of Deficiency and Order; nor did she file an amended complaint. She has thus failed to comply with the Court's order. The Court cannot screen her claims because they are written entirely in Spanish. This litigation cannot proceed until Vargas cures this deficiency by filing a complaint in compliance with Rule 8(a), and pays the filing fee or files a compliant motion for leave to proceed *in forma pauperis*. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Vargas's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed February 16, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).